(100 South. 534)

No. 24423.

## GIVENS v. DE SOTO BLDG. CO. et al.

(March 17, 1924. Rehearing Denied by Division B May 12, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬉327(2)—Defendant not necessary party below held not necessary party on appeal by plaintiff.**

   In suit by patron for injuries sustained because of alleged defect in construction of theater operated by lessee, owner of theater is not necessary party, and if she joins him she may, on appealing from an adverse judgment, abandon her case as to him.

2. **Negligence ⬉131 — Evidence of precautions taken after accident inadmissible.**

   Where patron of moving picture show was injured while descending from platform above aisle, in action for injuries, evidence that after accident light was placed on level with step *held* incompetent.

3. **Appeal and error ⬉1106(4)—Motion to remand to take new evidence held unreasonable because of delay.**

   On appeal by plaintiff in negligence case, motion by appellant to remand case, made more than four years after trial and more than three years after case was lodged in Supreme Court, to take new evidence of precautions taken after accident, *held* unreasonable.

4. **Theaters and shows ⬉6—Placing seats on higher level than aisles not defective construction.**

   That balcony seat in moving picture show was located on platform eight inches above aisle *held* not defect in construction warranting recovery for injuries sustained by patron while stepping from platform to aisle.

5. **Theaters and shows ⬉6—Failure to light floor held not negligence.**

   Where seats in moving picture theater were placed on level 8 inches above aisles, *held* not negligence to fail to light floor where change of level occurred, warranting recovery for in-juries to patron in stepping down; no previous similar accident having occurred.

6. **Theaters and shows ⬉6—Operator not insurer of patrons.**

   Operator of theater is no insurer of his patrons.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Mrs. Lulu Dickinson Givens against the De Soto Building Company and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Walter S. Lewis, of New Orleans, for appellant.

Charles Rosen, of New Orleans, for appellee Saenger Amusement Co., Inc.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. The Saenger Amusement Company leases, and operates as a moving picture show, a theater building owned by the De Soto Building Company. The balcony seats are on a platform elevated about 8 inches above the aisle. Moving pictures are, and of necessity must be, shown in semidark-ness.

On September 12, 1917, plaintiff visited this theater for the first time, and occupied a balcony seat. She alleges that when she got up to leave she did not know, and was not warned by posted notices or otherwise, of the abrupt change in the floor level; that "there were no safeguards thrown around said drop to protect patrons of said theater," and that the dim light thereabout did not suffice for her to see it. Wherefore she claims damages from both defendants.

The *gravamen* of her complaint is that said drop was a serious defect in construction and dangerous to patrons of the theater; that it was gross negligence in the owner so to construct the building, knowing that it was to be used as a moving picture show, and in the lessee in failing to remedy said defect before inviting the public to see its pictures.

The case was tried by jury, who heard the witnesses, visited the scene, and returned a unanimous verdict for both defendants. The trial judge refused a new trial because the verdict "impressed him as being correct" (November 25, 1919).

Thereafter plaintiff appealed from the verdict in so far as same was in favor of the lessee (Saenger Company), but abandoned the case against the owner of the building (De Soto Company). This appeal was lodged here on January 6, 1921.

## I.

[1] On February 19, 1924, the appellee Saenger Company moved to dismiss the appeal, on the ground that the De Soto Company is a necessary party, but filed no brief in support thereof until February 25th, when the appeal was argued on the merits. Plaintiff had, in the first instance, the right to sue the Saenger Company alone for its alleged negligence, and, having that right, she might have abandoned her claim against the De Soto Company even in the lower court without the least grounds for complaint on the part of the Saenger Company. It follows, therefore, that she may exercise the same right in the appellate court.

Whatever rights the Saenger Company may have (if any) over against the De Soto Company should it eventually be held liable herein are neither here nor there, and cannot be affected by any action or inaction on the part of plaintiff.

## II.

[2, 3] On February 25, 1924, the very day the case was argued on the merits, plaintiff moved to remand the case to show that "after the trial a light was placed right on a level with the said step, at a very small cost, and without in any manner affecting the operation of the show."

This cannot be done. Aside from the fact that it would be unreasonable to remand a case for the purpose of taking new evidence therein, more than four years after the trial, and more than three years after the appeal was lodged here, such evidence would be clearly *inadmissible*.

In 29 Cyc. 616 (verbo Negligence), we find:

"Whilst some courts hold to the contrary (Kansas and Utah) the great weight of authority is that evidence of changes or repairs made subsequently to the injury, or as to precautions taken subsequently to prevent recurrence of injury, is not admissible as showing negligence or as amounting to an admission of negligence. The reason for the rule is that the effect of declaring such evidence competent would be to inform a defendant that, if he makes changes or repairs, he does it under a penalty; for, if the evidence is competent, it operates as a confession that he was guilty of prior wrong. True policy and sound reason require that men should be encouraged to improve, or repair, and not be deterred from it by the fear that if they do so their acts will be construed into an admission that they had been wrongdoers. A rule, which so operates as to deter men from profiting by experience and availing themselves of new information, has nothing to commend it, for it is neither expedient nor just. No one should be placed in the embarrassing attitude of being compelled to choose between the risk of another accident by maintaining the status quo, and the equally uninviting alternative of taking proper steps to remove the danger and thereby 'making evidence against himself which would act prejudicially to his defense in the minds of the jury.'"

This is supported by numerous authorities from practically every state in the Union. No Louisiana case is cited, but there is nothing in our jurisprudence to the contrary. And we think the doctrine fundamentally sound.

## III.

[4] On the merits we agree with the jury and the trial judge. It seems clear that there was no *defect* in the construction of the building. It was built by competent architects, who, for the very purpose of constructing this theater, had visited other cities and examined many high-class theaters, in some of which the seats were, as in this, raised above the level of the aisles. But we need

no evidence to satisfy us that it is not per se faulty construction to place the seats of an auditorium or theater on a higher level than the aisles between them; such an arrangement has advantages which are obvious, especially where there is constant coming and going through the aisles while performances are in progress.

[5] The question therefore is whether it was negligence on the part of the Saenger Company to fail to *light the floor* at the point where the change of level occurred. We do not think so.

It is shown that many thousands of persons have entered and left this theater without another person having suffered a fall. Things were therefore apparently safe.

[6] Now the operator of a theater is not an *insurer* of his patrons. He need only be free from negligence; and, granting that a prudent man must exercise some degree of foresight, nevertheless he is not required to foresee that something may happen, when long experience fails to show any such happening before, unless the circumstances are such that he should have known that the happening was likely even though it had not yet occurred.

But such is not the case here. Moving pictures, as we have said, require some degree of darkness; nevertheless such theaters are never so dark that one may not see persons and objects around him, which become quite distinct after a while spent in the semidarkness. And there is no reason that we know of, or shown by the evidence in this case, why persons who have been in one of these theaters for an hour or so cannot see the floor on which they walk; nor had defendant any reason to suppose that any one would fail to do so.

In the present case the plaintiff entered the theater *from the broad daylight*, but nevertheless found her way to and mounted upon the platform on which the balcony seats were ranged. When she was about to leave, she must have seen better than when she entered; and in our opinion (wherein we agree with the jury and trial judge, as aforesaid) we see no reasons why she should not have seen the step-down where she fell, had she been looking at the time.

#### Decree.

The judgment appealed from is therefore affirmed.

Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.