No. 3874

Second Circuit

_____

SUGGS v. SAENGER THEATRES, INC., ET AL.

_____

(November 7, 1930. Opinion and Decree.)
(December 23, 1930. Rehearing Refused.)
(February 2, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

_____

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for plaintiff, appellant.

Jackson & Smith, of Shreveport, attorneys for defendants, appellees.

WEBB, J. Plaintiff, Mrs. O. F. Suggs, brought this action against defendant, for

damages alleged to have resulted from personal injuries sustained by her while attending a moving-picture show operated by defendant in the city of Shreveport.

Plaintiff alleged that the building in which the theater was operated fronts on Milam street forty feet and extends back more than one hundred twenty-five feet; that the entrance to the building consisted of a lobby extending across the entire width of the building; that the entrances to the floor on which the pictures were shown were two vestibules on the sides of the lobby, leading up a flight of stairs; that the floor was an incline, with considerable ascent, from the front, or entrance, to the rear; that the seats were arranged in tiers of two rows with aisles at the sides and center, along which aisles access was had to the seats; and that each tier of seats was placed on a platform elevated above the aisles about four inches.

She further alleged that she entered the theater in the afternoon of June 12, 1929, through one of the vestibules, and that it was dark, particularly to one just entering; that she had never been in the building before and was not familiar with the seating arrangements, and that no usher was present to direct or assist her to a seat; and that there were not any floor or other lights to disclose the platforms on which the seats were placed nor any notice or warning of such obstacles; that she passed along one of the aisles a distance of approximately fifty feet and, on turning from the aisle to enter between tiers of seats, tripped on the edge of the platform on which the seats were placed and fell, sustaining serious injuries.

Plaintiff especially charged that defendant was negligent (1) in operating the the-ater in the building "which was in an unsuitable, unfit and dangerous condition for its patrons, by reason of the inclined floor and aisles and elevated step platforms upon which the seats were placed; (2) in failing and neglecting to furnish an usher to guide, direct and assist petitioner to a seat after she entered the building; and (3) in failing and neglecting to provide floor or other lights sufficient to disclose the step platform on which the seats were placed or to give notice or warning in some other manner of the existence and presence of the platform."

Defendant excepted that the petition failed to state a cause of action, and the exception being sustained and judgment rendered dismissing plaintiff's suit, she appeals.

Counsel state that the exception was based on the decision in the case of Givens v. DeSoto Building Company et al., 156 La. 377, 100 So. 534, in which there is a marked similarity between the facts there found and the facts alleged in the present case, especially with relation to the charge of negligence in the seating arrangements and the failure to place floor lights at the ends of the rows of seats next to the aisles, and with relation to the theater being in semi-darkness; but in the case cited the evidence established that the plaintiff had found her way along the aisles and mounted the platform and had taken a seat where she remained during the performance, and it was said that had she been looking when passing from the platform into the aisle she would have seen the platform, and it is urged that the ruling in that case is not applicable in the present instance, where the facts alleged are that the plaintiff tripped on the plat-

form as she turned from the aisle to enter between the rows of seats.

While the facts in the two cases are not altogether alike, the complaint in each case was that the defendant was at fault in operating a theater with the seats arranged on platforms above the level of the aisles, without having sufficient light to enable one passing between the seats into the aisle or from the aisle to the seats to see that the aisle was on a lower level than the seats.

In each case, however, it appears that the light was sufficient to enable the plaintiff to find her way along the aisles and that the accident in each case was due to the fact that the plaintiff assumed that the aisle was on the same level as the floor between the rows of seats; and in both cases we think that the facts show that the plaintiff did not have any right to act upon such an assumption.

There cannot be any doubt that one, in passing along the aisle, with the seats rising in tiers along the side of the aisle, must have realized that the aisle was on an incline and that the seats were arranged so as to compensate for the incline; and it having been held in the case cited that the defendant was not guilty of any negligence in having the theater so arranged, and it being necessary to maintain the theater in semi-darkness, as stated in the case cited, we do not think that plaintiff should have assumed that the aisle was on the same level as the floor between the tiers of seats, but that, knowing that the aisle was on an incline and that the seats were arranged in tiers, she should have assumed to the contrary; and if she had done so, and proceeded accordingly, the accident would not have occurred.

The judgment is affirmed.