**DOELL v. ST. CHARLES THEATRE, Inc.**
No. 14784.

Court of Appeal of Louisiana. Orleans.
Feb. 18, 1935.

Harry R. Cabral, of New Orleans, for appellant.

J. C. Henriques and Harry M. Mayo, Jr., both of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, a patron in the moving picture theater of defendant corporation, seeks recovery for personal injuries sustained when she fell down four steps in descending from the elevation, on which the proscenium boxes were located, to the floor of the orchestra, or main portion of the theater. She charges that her fall resulted from negligence on the part of defendant corporation, in that its floor levels were not uniform, and in that there was not sufficient light for her to notice that it was necessary to descend the steps in going from one floor level to the other.

Defendant denies that there was any negligence on its part, alleging that it is necessary that the floor levels be constructed as they are, and alleging, also, that in the operation of moving picture theaters a condition of semidarkness must be maintained, but asserting that, nevertheless, almost immediately over the spot at which plaintiff fell, there were lights of sufficient strength to illuminate the steps and to call them to the attention of persons proceeding with the care and caution which is necessary under such conditions.

In the district court there was judgment dismissing the suit, and plaintiff has appealed.

The evidence shows that plaintiff had entered the theater and had ascended the same steps down which she later fell, and that only a few moments later, in retraversing her course, she overlooked the steps and fell down them. It also appears that, at a point about four feet from the top of the steps, there was an exit light and also another light, which, together, were of a strength known as 30 watts, and that these lights illuminated the steps sufficiently for any one, except the most careless person, to see them.

There was a feeble effort to show that the lights either were not turned on, or had not been, at the time of the accident, placed in the position in which they were at the time of the trial, but the evidence convinces us that the lights not only had been placed there for a long time, but were turned on as usual.

It is shown that it is essential to the proper operation of moving picture theaters that a condition of semidarkness be maintained.

In a case involving facts practically identical with those which we find here, the Supreme Court held that the operator of the theater should not be made to respond in damages. Givens v. De Soto Building Co., 156 La. 377, 100 So. 534, 535.

There the facts were: " * * * Plaintiff visited this theater for the first time, and occupied a balcony seat. She alleges that when she got up to leave she did not know, and was not warned by posted notices or otherwise, of the abrupt change in the floor level; that 'there were no safeguards thrown around said drop to protect patrons of said theater,' and that the dim light thereabout did not suffice for her to see it."

In the opinion in that case appears a statement to the effect that, when the plaintiff entered the theater, she "found her way to and mounted upon the platform on which the balcony seats were ranged," and that "when she was about to leave, she must have seen better than when she entered." Similarly, here, plaintiff entered the theater, mounted the steps in question, immediately turned around, and, in descending them, fell. We may say exactly what the Supreme Court said in that case: " * * * We see no reasons why she should not have seen the step-down where she fell, had she been looking at the time."

We find most interesting the comments of the Supreme Court with reference to the legal obligations of the operator of such a theater, and we therefore quote from this comment as follows:

"Now the operator of a theater is not an insurer of his patrons. He need only be free from negligence; and, granting that a prudent man must exercise some degree of foresight, nevertheless he is not required to foresee that something may happen, when long experience fails to show any such happening before, unless the circumstances are such that he should have known that the happening was likely even though it had not yet occurred.

"But such is not the case here. Moving pictures, as we have said, require some degree of darkness; nevertheless such theaters are never so dark that one may not see persons and objects around him, which become quite distinct after a while spent in the semidarkness."

See, also, Suggs v. Saenger Theatres, Inc. et al., 15 La. App. 142, 130 So. 817, the syllabus of which reads as follows: "Moving-picture theater held not negligent, where patron when stepping from inclined aisle because of alleged insufficient light tripped over four-inch platform on which seats were placed."

The judgment of the court below is obviously correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed, at the cost of appellant.

Affirmed.