## VAN v. TECHE LINES, Inc.
### No. 15024.

Court of Appeal of Louisiana. Orleans.
Dec. 2, 1935.

Mary Purser, of Amite, and C. de Lucas, of New Orleans, for appellant.

Porteous, Johnson & Humphrey, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for damages for physical injuries brought by Mrs. Mintie Helen Van against the Teche Lines, Inc., the operator of a system of busses, in which the sum of $5,039.84 is claimed for a fractured wrist caused by a fall in the waiting room of the defendant in the city of New Orleans on June 13, 1932, and alleged to have been caused by the negligence of the defendant.

There was judgment below in defendant's favor, and plaintiff has appealed.

The gravamen of the charge of negligence against defendant is the slippery character of the surface of a doormat in front of the ladies' dressing room upon which the plaintiff stepped just before she fell. However, there is an incidental allegation of negligence presented in a supplemental petition to the effect that the ladies' rest room door is equipped with an apparatus "that makes the door swing close of its own accord with some force; that she stepped forward, anticipating a levelness of the floor, but instead the step forward was a drop of about three inches lower than the floor of the ladies' lounge, * * * the mat just under the step was wet or oily and slick and your petitioner slipped and fell. * * *"

There is no doubt that the plaintiff broke her wrist in a fall in the waiting room of the defendant company, and, in consequence, has suffered much pain and inconvenience in her efforts to discharge her duties as the wife of an humble farmer in the parish of Tangipahoa; but the unfortunate accident and its distressing result cannot be made the occasion for a judgment against the defendant unless it has failed to discharge some duty which it owed plaintiff as a prospective passenger on its bus line.

The defendant has shown by the uncontradicted testimony of its employees that its waiting room is mopped only once a day, and then between the hours of 7:30 and 9 a. m., with clean water only. There was, therefore, no reason for the mat upon which plaintiff stepped to be slippery or greasy, as there is no showing of any other source which might produce such a result. The mat itself was in a fixed position on the cement floor of the station, and, when removed some time after this accident, adhered so closely to the floor that a blowtorch was necessary in order to remove it. The accident happened at 2 p. m., and there was plenty of light near the dressing room door. The automatic device is shown to be one which controls the opening and closing of the door; its operation being such that the door, after having been pushed backward, returns to its normal position very slowly, and not rapidly or violently, as plaintiff charges. The difference in elevation of three inches between the floor of the dressing room and that of the station itself does not, in our opinion, constitute any hazard to the occupants of the waiting room, and cannot be regarded as negligence. As was said in Ware v. Evangelical Baptist Society, 181 Mass. 285, 63 N.E. 885: "It is matter of common observation that in entering and leaving stores, halls, railway car stations and platforms, office buildings, and other buildings and places, and private houses, adjoining surfaces are frequently at different levels; and the difference in level has to be overcome by one or more steps, of greater or less height, or by some other device. The same thing happens in the interior of buildings and structures. We cannot think that such a construction is of itself defective or negligent."

See, also, Givens v. De Soto Bldg. Co. et al., 156 La. 377, 378, 100 So. 534; Hendricks v. Maison Blanche Co., 5 La.App. 410; Doell v. St. Charles Theatre, Inc. (La.App.) 159 So. 401; Suggs v. Saenger

Theatres, Inc., 15 La.App. 142, 130 So. 817.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.