## DEVORE v. LOUISIANA & ARKANSAS RY. CO.

### No. 5642.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

A. L. Burford, of Texarkana, Ark., and White, Holloman & White, of Alexandria, for appellee.

F. B. Cappel, of Alexandria, for appellant.

DREW, Judge.

This is a suit under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59. For a cause of action, plaintiff filed the following petition:

"1. That the Louisiana & Arkansas Railway Company is a public service organization organized and existing under and by virtue of the laws of the State of Delaware with its domicile in the city of Wilmington of that State; that C. B. Couch of Shreveport, of the Parish of Caddo, State of Louisiana, is the legally designated agent of service of legal process for said company in the State of Louisiana; and that said Louisiana & Arkansas Railway Company is the defendant herein.

"2. That the said defendant, Louisiana & Arkansas Railway Company, is justly and truly indebted unto this petitioner in the full sum of $5000.00, for this to-wit:

"That on or about the 10th day of October, 1936, your said petitioner was employed by the Louisiana & Arkansas Railway Company, defendant herein, as a night watchman for the said company; that his duties were to guard the railroad bridge on the line of the said defendant, being bridge No. 124.26, located about three miles below the city of Alexandria; that the hours of his employment were from six P. M. to 6 A. M. That he was employed for approximately three weeks when the accident which forms the basis of this suit occurred.

"3. The defendant herein, the L&A Railway Company, conducts a business of common carrier by steam railway of both intrastate and interstate character on a line of railroads extending through Rapides parish in the state of Louisiana.

"That the shipments made over the said line of railway as designated as interstate commerce, and that therefore railway bridge No. 124.26 in Rapides parish is in the nature of interstate business and, therefore, this action properly comes under the Federal Employers' Liability Act.

"4. Your petitioner shows that at the time of the said employment, the defendant, L&A Railway Company, was operating their railroad line under serious difficulties, inasmuch as the employees of the said defendant company were on strike; and that the said defendant company well knew that

any employment in connection with the said company was dangerous and hazardous.

"5. Your petitioner shows that on or about the seventh day of November, about nine-thirty P. M., while he was engaged in the performance of his duties as night watchman on the bridge referred to, he was assaulted, without previous warning, by two negro men, and before your petitioner could defend himself, one of the negroes, who was armed; drew a pistol from his person and fired at your petitioner. The bullet struck your petitioner's left arm ploughing through the flesh of his fore arm; at which time both negroes fled the premises leaving your petitioner badly wounded and bleeding profusely; that the place of assault being isolated, there was no one upon whom your petitioner could call for assistance. Badly wounded and bleeding profusely, your petitioner managed to reach the railload terminals on the outskirts of the city of Alexandria, and at that point obtained the assistance of two friends; the said friends bringing your petitioner to the company's office; shows there was a delay of two hours or more before a doctor could be located to give your petitioner emergency treatment. The following day he was placed under the treatment of the regular physician for the defendant company and remained under his treatment for approximately one month.

"Petitioner shows that the wound that was inflicted from the discharge of the pistol above referred to, left a permanent scar on his forearm and that in entering his arm, the bullet severed the leader in his said left fore arm, not only leaving the scar referred to, but that it caused the loss of the use of his left hand and he is unable to fully close his left hand and that the little closing that is possible has no grip whatsoever, and that he is unable to use his hand in the following of his trade or calling.

"6. Your petitioner now shows that the assault and resultant injury was due to gross negligence and carelessness of the defendant railway company for the following reasons, to-wit:

"That as set forth in Paragraph 3 of this petition, the said defendant railway company well knew the dangerous and hazardous position in which your petitioner was placed and that regardless of the knowledge of such, they placed your petitioner in this dangerous location alone, not even providing him with the necessary weapons of defense.

"Your petitioner has been informed and therefore alleges that the said railway company maintained two guards at said location after the injury to petitioner and during the pendency of the strike; that by placing the said two guards at this point after the assault and wounding of petitioner the said defendant railroad company well knew the dangerous and hazardous situation in which your petitioner was placed and that the placing of your petitioner alone on this location constituted such negligence and carelessness as to render the said defendant railway company liable for the assault of and wounding of your petitioner.

"Your petitioner further shows that on most of the other locations on which guards were necessary the said defendant railway company placed two men to act as guards, all of which will be shown on the trial hereof.

"7. Petitioner shows that prior to this accident he was a carpenter by trade, with an earning capacity of sixty cents an hour; that as a result of this accident and the loss of the use of his hand, your petitioner is unable to follow his trade or calling of carpenter and that he is obliged to perform common labor at a maximum wage of thirty cents per hour and that he is only able to perform such manual labor as does not require any lifting or holding, as he is unable to grasp and hold anything with his left hand; that the said injury is permanent and your petitioner will never recover the full use of his left hand and is permanently incapacitated.

"8. Petitioner shows that he bled profusely from his aforesaid wound and suffered excrutiating pain and agony from said injury and from the suturing and treatment and that he required medical treatment and attention for about thirty days after the accident, during the course of which he endured a great deal of physical pain, suffering and nervous shock; all of which will be shown on the trial hereof; and that the said wound has left a disfiguring scar on the left forearm.

"9. That the petitioner itemizes the damages sustained by him as follows:

"Pain and suffering, physical and mental shock, nervousness, physical injuries and permanent disfigurement ................ $3,000.00
"Loss of earning capacity ....... $2,000.00

"That for the reasons set forth hereinabove, your petitioner is entitled to re-

cover of said defendant the sum of $5,-000.00, for which the defendant is justly, truly and legally indebted unto your petitioner, together with legal interest thereon from judicial demand until fully paid, and all costs of this suit.

"10. Your petitioner now shows that he is a man without means; that he is barely earning enough to support himself and his family, and that he does not have, nor is he able to procure a sufficient sum of money to defray the court costs of this litigation; that he cannot furnish bond for same and that he desires to file this suit under Act 156 of 1912, which provides for filing of suits in forma pauperis."

Defendant interposed an exception of no cause or right of action which was sustained below, and plaintiff now prosecutes this appeal.

■ The exception is predicated upon the doctrine of assumption of risk, which is a defense under the act to all actions in damages under the law, except where the carrier is guilty of the violation of a statute enacted for the safety of employees and that violation contributes to the injury. Section 4 of the act, being section 54, title 45, U.S.C.A.; Jacobs v. Southern Railway Company, 241 U.S. 229, 36 S.Ct. 588, 60 L.Ed. 970; Chesapeake & Ohio Railway Company v. De Atley, 241 U.S. 310, 36 S. Ct. 564, 60 L.Ed. 1016; Seaboard Air Line Railway v. Horton, 233 U.S. 492, 34 S. Ct. 635, 58 L.Ed. 1062, L.R.A.1915C, 1, Ann.Cas.1915B, 475; Cross v. Spokane, P. & S. R. Co., 158 Wash. 428, 291 P. 336, 71 A.L.R. 459.

■ The petition in this case makes no allegation that there was any defect in any appliance or any violation of a safety act. It therefore follows that the doctrine of assumption of risk is applicable as a defense either by exception or on the merits of the case.

■ Plaintiff does not allege that defendant concealed from him the fact that he was being employed to guard a bridge during a strike. To the contrary, he alleged in article 4 of his petition that de-

fendant was operating its railroad under serious difficulties, due to the fact that the regular employees of said defendant were on a strike. The extent of the strike was so great and the excitement which prevailed during its existence in the territory traversed by defendant's railroad caused every person living in that vicinity to have knowledge that a strike was on. The fact that plaintiff had knowledge of the strike is no doubt the reason he made no allegation of his ignorance of it. Furthermore, there is no reason given, and none can be imagined, for the employment of plaintiff to guard the railroad bridge other than it was for the purpose of preventing some of the strikers or their sympathizers from disturbing the bridge. When he accepted this employment during a strike, he necessarily knew he was being employed in a dangerous occupation and he assumed the risk thereof. The very nature of his employment was notice to him that it was dangerous.

■ There is no pertinency to the allegation that defendant failed to furnish plaintiff with a weapon of defense. Defendant was without authority to arm him and it had no authority to deputize him as an officer.

■ The other allegations of negligence wherein plaintiff alleged that after he was assaulted, defendant placed two guards instead of one at this particular bridge, are not such, if proven, as would show negligence. In fact, no evidence would be admissible under the allegation. Givens v. De Soto Building Company, 156 La. 377, 100 So. 534; Columbia Railway Company v. Hawthorne, 144 U.S. 202, 12 S.Ct. 591, 36 L.Ed. 405.

■ The allegations of plaintiff's petition, which are taken as true for the purpose of this exception, clearly show that plaintiff assumed the risk of his employment and cannot recover, under the Federal Employers' Liability Act.

The exception was correctly sustained below and the judgment of the lower court is affirmed, with costs.