## BURDEAUX et al. v. MONTGOMERY WARD & CO., Inc.

### No. 5986.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1939.

W. Decker Moore, of Monroe, for appellants.

Hudson, Potts, Bernstein & Snellings, of Monroe, for appellee.

TALIAFERRO, Judge.

According to the allegations of plaintiffs' petition, Mrs. Burdeaux, while a customer in defendant's store in the City of Monroe, Louisiana, visited a ladies' rest room therein, provided for the convenience of its customers, and as she was making exit from a booth in the rest room, in which was located a commode, the entrance door thereof swung violently against her, causing her to lose balance and to fall. She sues to recover damages for physical injuries sustained by her as a result of the fall. Her husband joined in the suit and prays for judgment for the amount of physicians', hospital and medical bills incurred in treating Mrs. Burdeaux.

Defendant excepted to the petition on the grounds that it disclosed neither a cause nor a right of action. Plaintiffs then tendered and filed a supplemental petition. The exception was urged as to both petitions. It was sustained and plaintiffs prosecute appeal.

It appears from the allegations of the petition, as amended (which, for the purpose of passing on the merits of the exception, are accepted as true), that the rest room which plaintiff visited is on the second floor of defendant's store building; that it is divided by a partition wall into two compartments, one of which contains a lavatory and two booths in which are located commodes. The booths adjoin; the floor thereof is approximately six inches above the level of the floor of the balance of this compartment, and extends a few inches beyond the front line of the doors; therefore, a person on entering a booth door has to step up said six inches; that each door is affixed with spring hinges and opens inward only. When released, the doors swing forward in place and are prevented from going farther by a stop attached to the frame.

The immediate facts of the alleged accident and the negligence accredited to defendant as the sole cause thereof, are clearly reflected from the following excerpts taken from the original and amended petitions, viz.,

"That your petitioner, Mrs. P. W. Burdeaux, without in any manner being negligent, opened the door by pulling the same inward and proceeded to go out of the booth and when she was stepping down from this raised platform, she was struck by the swinging door, which act caused her to fall by over-balancing and pushing her downward.

"That this was the first time your petitioner, Mrs. P. W. Burdeaux, had visited this booth and the action of this swinging door and spring or hinge thereon located, was unknown to her and she had no knowledge of the dangerous character or the

danger of being struck by the door while in the act of departing from the booth."

"That this fall was caused by the force in which the spring of the swinging door hit your petitioner when she was stepping down and off the elevated portion of the floor of the booth, and that the blow, together with the act of stepping down, over-balanced your petitioner, causing her to fall and resulting in the injury above mentioned.

"That the defendant herein was and is negligent in maintaining and operating a rest room which is so built that it is dangerous to be used by the public. That this raised platform in the floor and the spring on its swinging door is dangerous and negligent per se."

It is also averred that plaintiff is fifty-five years old and at the time of her injury "had full control of her faculties in walking and seeing."

Therefore, the elements of negligence charged to defendant consist of: (a) The booth door being hung with spring hinges, and (b) the booth floor being elevated six inches above the level of the floor of the other part of the rest room, and extending only a few inches beyond the door line.

■ Plaintiff's position is that the physical arrangement and construction of the booth in the manner related in her petition is all wrong, and, within themselves, constitute negligence per se. In other words, if her contention be true, this booth and all others designed for like use should have floors level with other parts of the rest room and the doors thereof swung by non-spring hinges, if the owner or lessee of the building would exonerate himself from continuing negligence and from liability for damages to those patrons who unluckily should injure themselves when making use of such booths. We think this position wholly untenable.

Our own appreciation of the situation in and about said booth, gained from a study of the petitions, leads us to the definite conclusion that no negligence whatever may be properly charged to defendant on account of the method of hanging the door, nor on account of the difference in floor elevations.

We have little or no doubt that if a trial on the merits were had, it would be clearly shown that the booth in question and the floor thereof were built in accordance with generally approved standards for such, and that swinging doors are to be found in nearly all public toilets.

■ Plaintiff's relation to defendant at the time of the accident was that of invitee. 45 C.J. page 835; Givens v. De Soto Building Co. et al., 156 La. 377, 100 So. 534.

■ The invitor is not the insurer of a patron's physical safety while on his premises. We would have to hold the converse of this proposition to sustain plaintiff's petition against the exception's attack.

■ 45 C.J. page 834 § 241, concerning the invitor's duty toward his invitee, says: "An invitation to enter premises carries with it the duty toward the persons invited to provide reasonably safe means of ingress and egress, and where the invitation is to a particular part of the premises, there is a duty to maintain the approaches thereto in a reasonably safe condition for use. There is also a duty to provide reasonably safe passages to and from such places as are included within the scope of the invitation, and in the case of a store, reasonably safe passages or aisles in the parts of the store where goods are displayed."

■ Whatever else may be said on the subject, it certainly may be said without fear of successful contradiction, that defendant furnished to plaintiff and its other customers reasonably safe means of ingress and egress in their use of the rest room and toilet.

This accident happened in the day time. Plaintiff alleges that this was her first visit to the booth, and to some extent relies upon this fact as a reason or excuse for her not guarding against the effect of the door's reaction, after being drawn in to allow her exit; and, also, for not bearing in mind the presence of the step-off in the floor. This position is without persuasive force.

■ Being in full possession of her senses of sight and touch, and having safely entered the booth in the day time, argues convincingly that plaintiff fully appreciated and had knowledge of the physical set-up thereabout, and well knew what she must do in order to assure unto herself safe return from the booth into the larger apartment of the room, which, after all is said, should have been but a repetition of her acts and movements when entering the booth. She knew that the door, if released entirely by her, after being pulled inward to allow her passage out, would automat-

ically swing in place, and that if she had not then cleared the opening, it might strike her with such a force as to affect her physical equipoise. She, of course, also knew, or is charged with knowing, that if unguardedly she stepped from the higher floor to the lower, there would also be danger of losing balance and falling heavily.

There seems to be no Louisiana case directly in point. The nearest approach thereto is Givens v. De Soto Building Company et al., supra. Plaintiff, in that case, was a paid patron of the Saenger Amusement Company. This was her first visit there. After watching the picture to its conclusion, she undertook to leave the theater. She had occupied a seat in the balcony, located on a platform eight inches above the level of the aisle on which she traveled when entering the balcony, and over which she was making her exit. She lost her balance and fell, due to the difference in floor elevations. Recovery was denied her. Inter alia, the Court said [156 La. 377, 100 So. 535]:

"The gravamen of her complaint is that said drop was a serious defect in construction and dangerous to patrons of the theater; that it was gross negligence in the owner so to construct the building, knowing that it was to be used as a moving picture show, and in the lessee in failing to remedy said defect before inviting the public to see its pictures. * * *

"In the present case the plaintiff entered the theater from the broad daylight, but nevertheless found her way to and mounted upon the platform on which the balcony seats were ranged. When she was about to leave, she must have seen better than when she entered; and in our opinion (wherein we agree with the jury and trial judge, as aforesaid) we see no reasons why she should not have seen the step-down where she fell, had she been looking at the time."

In the present case, as before touched upon, plaintiff made her way safely into the toilet without mishap. She was in as good, if not better position to leave it than when entering it.

Cases cited by defendant from other jurisdictions support our conclusions herein. In Garrett v. W. S. Butterfield Theatres, Inc., 261 Mich. 262, 246 N.W. 57, 58, the Court said: "Toilets are frequently put in left over spaces and have vagaries of construction. The door was a warning that there might be a difference in floor levels. The act of opening the door towards him would require a person to pause long enough to have ample opportunity to see the step. The situation contained no element of a trap. A reasonably prudent person, watching where he is going, would have seen the step. Defendant is not under legal duty to prevent careless persons from hurting themselves. We think defendant was not guilty of negligence. Defendant's motion non obstante should have been granted."

A similar question was presented in Cleary v. Meyer Bros., 114 N.J.L. 120, 176 A. 187, and in disposing of the case adversely to plaintiff, the Court among other things, stated:

"The facts show that on August 9, 1929, the plaintiff Frances Cleary entered the department store conducted by the defendant, in Paterson, N. J., and after making a purchase, had occasion to visit the ladies' rest room. The entrance to the rest room consisted of two swinging doors, in front of which was a step about 8 inches higher than the outside floor, the outer edge of the step being approximately 24 inches from the base of the doors. When leaving the room and passing through the entrance, Mrs. Cleary fell, and as a result sustained a fractured wrist. * * *

"The complaint alleges 'that the said fall of the plaintiff, Frances Cleary, was caused by the improper location, construction and maintenance of the doors and steps forming the exit from said rest room,' and that 'the defendant was negligent in causing said doors and stairs of said exit to be constructed and maintained in such a dangerous, careless and negligent manner. The improper construction and maintenance of said doors and stairs was a nuisance maintained by said defendant,' and further that 'the defendant failed and neglected to maintain a guard at said exit, to protect its patrons and business invitees from injury.'

"The record indicates that Mrs. Cleary was the only witness produced on behalf of the plaintiffs to support the allegations contained in the complaint; and we do not find that her testimony established any facts from which negligence might be reasonably inferred, or to show that the defendant had violated its duty toward the plaintiff, who was an invitee, to exercise ordinary care to render the premises reasonably safe for the purpose for which she entered."

Pertinent to the questions discussed in these cases, see Dickson v. Emporium Mercantile Co., Inc., 193 Minn. 629, 259 N.W. 375; Main v. Lehman, 294 Mo. 579,

243 S.W. 91; and Haddon v. Snellenburg, 293 Pa. 333, 143 A. 8.

Plaintiff fell and was injured solely from her own negligence and lack of care. She is, therefore, without any cause or right of action against defendant in connection therewith. The judgment appealed from is correct. We affirm it with costs.