Mrs. Emma Relf sustained personal injuries as the result of a fall in the underground passageway connecting the main lobby of the Whitney National Bank with its cold storage vault. She brought suit against the said bank and Aetna Casualty Surety Company of Hartford, Connecticut, its liability insurance carrier, alleging that the fall had resulted from the fact that a certain rug laid on the floor of that passageway had been placed there "in such a manner as to endanger the life and limbs of persons walking on the same * * * that said rug was on a flat marble floor, with one edge overlapping, or turned up, the floor being itself slippery".
To this petition defendants filed an exception of vagueness, which was sustained. In due course plaintiff amended her petition and repeated almost verbatim the original charges of negligence. Again defendants filed an exception of vagueness, which was again sustained, with leave to amend, and again petitioner filed a supplemental petition repeating the same charges, with practically no additions or amendments. This time the exception of vagueness was overruled. *Page 346 
An analysis of all the petitions shows that plaintiff has no idea at all what caused her fall. It is evident that she does not know whether she tripped over the edge of the rug, which she says was folded over, or whether she fell because the rug slipped on the floor, or because she stumbled on the edge of the rug, which was lying flat upon the floor.
Defendants denied all charges of negligence, contended that the rugs were large and heavy and did not slip and did not overlap, and that no part of the edge of one of them was turned up.
The case was tried before a jury, which rendered a verdict in favor of defendant. From the judgment based on this verdict, plaintiff has appealed.
It would serve no useful purpose to undertake a discussion of the evidence. There is not one syllable that shows the slightest negligence on the part of defendant bank. It appears that the rugs were a very heavy type, were quite large, and could not slip and that they had been inspected only a few minutes before by the porter in charge of that work and had been found to be lying flat upon the floor.
Plaintiff's own evidence shows that she does not know what caused her to fall. It, however, creates the impression that because of her age and rather peculiar stature — she is very short, rather stout, and walks with a "shuffling" gait — one of her feet scraped along the floor and caught upon the edge of the rug and that this caused her to fall. During the trial she was requested to demonstrate to the jury how she walked at the time of the accident and, while the record does not show that she "shuffled", the discussion of the attorneys indicates very plainly that her gait and method of procedure were not normal.
It is true that she says that, after she fell, she looked around and saw that one edge of the rug was folded over, but her further testimony shows plainly that she did not notice this before the fall and that she saw nothing unusual about the rugs as she approached them. It seems obvious, then, that it was her tripping over the rug that caused one end of it to turn up.
There is nothing in the record which would furnish the slightest justification for reversing the judgment based on the finding by the jury. A bank is not the insurer of the safety of its customers. Burdeaux v. Montgomery, Ward Company, La.App., 192 So. 728; Lawson v. D.H. Holmes Company, Ltd., La.App., 200 So. 163; Bartell v. Serio, La.App., 180 So. 460. Nor is there any presumption of negligence which follows from the fall itself.
The accident is, of course, very regrettable. The old lady is badly in need of financial assistance; she brought this action under the provisions of Act 156 of 1912, as amended. But, unfortunately, the record shows no facts which warrant a judgment in her favor.
The judgment appealed from is affirmed.
Affirmed.