The plaintiff claims damages in the sum of $10,268.55 on account of personal injuries which she received on March 18, 1939, when she fell down a stairway in a picture show in Baton Rouge. The defendants are the operator of the theater and its insurance carrier, American Mutual Liability Insurance Company.
In her original petition plaintiff alleges, in substance, that the stairway leading from the lobby or foyer of the theater to the balcony was dangerous in that it is very steep and has a marked pitch downward, making it difficult for a person descending the stairway to maintain his or her balance; that there is only one handrail on the stairway on the south side leading to the balcony, which rail is to the right ascending, there being no handrail to the right descending; that she attended the said theater as a patron on the date of her injury, and while she was descending said stairway from the balcony, she suddenly pitched forward and fell down the stairway, sustaining injuries to her right leg.
An exception of no cause or right of action was filed to this petition, and before the exception was passed on by the court, plaintiff filed a supplemental petition setting out additional facts as to the cause of her injury, the principal and most important of these additional facts being that the thick carpet on this stairway was badly frayed and worn, particularly on the edges, so that cords and fibers in the carpet constituted snares into which the shoe heels of persons using the stairway would catch, causing them to trip and fall while descending; that no notice or warning of this condition was given to patrons using the stairway; that on the date alleged, while she was descending the stairway from the balcony, she caught the heel of her shoe in the frayed and worn carpet on the steep stairway and suddenly pitched forward and fell down said stairway, causing the injuries complained of.
The defendants in their answer deny that there were any defects in the stairway and also deny that plaintiff fell and suffered an injury. In the alternative, in case the court should find that the operator of the theater was negligent in any respect, the defendants plead contributory negligence on the part of plaintiff, the contributory negligence pleaded against plaintiff consisting of her failure to keep a proper lookout in descending the *Page 527 
stairway; in her failure to use the handrail; and in the fact that she was wearing shoes with extremely high heels and consequently unstable.
This suit was filed in October, 1939, tried in March, 1941, and decided in July, 1942. The judgment was in favor of the defendants, dismissing plaintiff's suit, and she has appealed.
The evidence shows that plaintiff did fall down the stairway and sustain an injury to her right leg. The evidence also shows that this stairway is rather steep; that the carpet on the stairway was considerably worn and was not pulled up close to the bottom of each riser, thereby causing it to protrude from the back of the steps or treads, making the space on which a person would step rather narrow.
Plaintiff testified that while she was coming down the stairway and when she was about half way down, she pitched forward and fell down to the bottom of the steps; that she looked up the stairs from where she had fallen and saw a hole or ripped place in the carpet where, as she says "probably my heel caught." On being asked what caused her to fall, she replied that it was the hole in the carpet. She expressed the opinion that the carpet was frayed and that there was a loose seam in it, "making a little pocket for the heel to catch in." On being asked how she knew that there was a hole in the carpet, she gave as a reason that an attendant at the theater came to her just after she had fallen and asked her if she had caught her heel in that hole in the carpet, to which she replied that she probably did. She stated that she had on regular walking shoes, not high heeled shoes.
Plaintiff's friend who accompanied her to the show that day testified that she was wearing standard Cuban heel shoes — not over an inch and a quarter high. However, the hostess at the theater testified that plaintiff had on black patent leather pumps, and the latter remarked to the hostess just after she had fallen that she tripped on the carpet. Mrs. Pierson, a friend of plaintiff, examined this carpet a few days after the accident. She says that there was a hole in the carpet about half way down the stairway, not exactly a hole, but a kind of worn place three or four inches wide on the edge of the steps, where a person could catch the heel of a shoe.
The defendants produced witnesses who testified as employees of the theater they were present on the day of the accident; that there were no holes in the carpet; that daily inspections were made of the theater to ascertain if there was anything about the premises that might prove dangerous to the safety of the patrons. The manager of the theater testified that he examined the stairway just after the accident, and while the carpet was worn, there were no holes or ripped places in it. The photographs taken of this carpet a few months after the accident do not show any holes or loose strands in the carpet, but they do show worn places in it over the edges of the steps.
We think the plaintiff has failed to prove with legal certainty that her fall was caused from holes or loose fibers in the carpet. It is significant that in her original petition she alleged that the cause of her fall was the fact that the stairway was steep and had only one handrail. In her supplemental petition she added to this the allegation that the carpet on the stairway was worn and frayed, thereby causing her to catch the heel of her shoe in it; and, in her proof, she goes still further and attempts to show that the carpet was not only worn and frayed, but that it had a hole in it in which she caught her shoe, causing her to fall. At the time she filed her suit, she had all this information, and it is hardly a sufficient explanation of her rather inconsistent position for her to state that she did not inform her attorney of all these facts because she did not think they were important.
The operators of the theater replaced the carpet a few months after the accident and fastened it with rubber nosing. Plaintiff would have us draw an inference from this act of replacing the carpet to the effect that the operators of the theater thereby admitted that the old carpet was defective and dangerous. However, the mere fact that the operators of the theater repaired the carpet is not only without probative value to show negligence on the part of the operators, but by the decided weight of authority, the proof of such a fact is irrelevant and inadmissible. Givens v. De Soto Building Company et al.,156 La. 377, 378, 100 So. 534. So far as the record shows, no other person had tripped and fallen on this carpet, notwithstanding hundreds of people ascended and descended these stairs daily.
The facts in this case are rather similar to those in the recent case of McGregor *Page 528 
et ux. v. Saenger-Ehrlich Enterprises, Inc., et al., La.App., 195 So. 624, where the plaintiff was denied recovery for failure to prove that her fall was caused by a defect in the carpet covering an aisle in the theater which she was attending when injured.
Finding no error in the judgment appealed from, the same is hereby affirmed at the cost of plaintiff in both courts.