' JANVIER, Judge.
Miss Rhea L. Alana, a saleswoman who, at the time of the accident on which this suit is based, was in the employ of a store known as “Maxine’s”, owned by David V. Burnstein and Joseph Burnstein, brought this suit for damages against the former and against the widow of the latter whose husband, Joseph Burnstein, had died, alleging that while in the performance of her duties in the store she “slipped, and fell” and sustained physical injuries as the result of the condition of the floor which, at the time, “had either an oiled, soapy or slippery substance on the surface.” She prayed for solidary judgment against the two defendants in the sum of $10,500 and, in the alternative that it appear that her recovery should be under the Louisiana Workmens Compensation laws, she prayed for judgment for $19.50 per week fo-r. a period not in excess of 400 weeks and for $500 for medical expenses.
The defendants, admitting that at the -titne of'the-occurrence plaintiff was in the employ of the partnership which operated the store, averred that there was no substance on the floor which could cause the plaintiff to slip, and that the fall of plaintiff '“was’ caused by her own carelessness or physical condition!” Defendants denied that plaintiff was entitled to compensation, averring that“tv®r employment .did not .require her to perform any hazardous work.” ,
From a judgment dismissing her suit plaintiff has appealed.
The record shows that plaintiff was a "stout woman about 55 years of age at the time df the! accident !and that she “walked with a limp” and also 'that since-she found it difficult to go- over inclines or' to climb stairs because of her physical impairment, *402 she and her family thought it advisable to always' have someone accompany her to and from her work.
It further appears that the accident occurred on a Thursday afternoon and that the floor had been cleaned with a floor cleaner some days before the occurrence, probably on the preceding Saturday night and that, during the ■ several days which intervened between the cleaning of the floor and the fall of plaintiff, many customers had passed over the very spot at which the accident occurred.
The record leaves, no doubt that the cleaner which was used contained no soap and all .of the witnesses who testified on behalf of defendants stated that there was nothing slippery about the floor and that the cleaning substance left no slippery residue.
The plaintiff had sustained a fall some 22 or 23 years prior to the time at which this accident occurred and, .as a result, walked with a slight limp.
As a matter of fact, the evidence offered on behalf of plaintiff fails to' show that there wás anything slippery 'about the floor. All that she and her witnesses were able to testify to was that the “floor looked slippery” and that its condition was “different.” When asked what caused her to slip, she answered:
“Well, the floor was .* * * I can’t say if it was waxed or if it was oil, but it had never been that way before. The day before they had oiled it, and I was home, sick.”
As a matter of fact, the record leaves no doubt at all that it had not been oiled at any time and that the cleaning had taken place certainly several days before and that plaintiff herself had been home not only the day before but for several days.
Plaintiff’s niece who came for her after the accident was' asked whether she had seen any oil on the floor and she answered, “No.” She was asked whether she had seen any wax and she answered, “I don’t know,” and, when pressed for an answer as to whether there had been any wax, she said, “No, sir.”
Seldom do we find a case in which the facts are so nearly identical as the facts here are with those which we discussed in Hays v. Maison Blanche Co., La.App., 30 So.2d 225, 227. There a customer slipped on the floor. It was contended that merely as a result of the slip, by the doctrine of res ipsa loquitur, the burden was placed upon the defendant to show that there was no negligence on its part. We said:
“The law is well settled that the doctrine of res ipsa loquitur does not apply to a storekeeper, and his obligation to his customers and invitees is to use ordinary care to keep the aisles, passageways and floors of his premises in a reasonably safe condition. Powell v. [L.] Feibleman & Co., Inc., La.App., 187 So. 130; Bartell v. Serio, La.App., 180 So. 460; Battles v. Wellan, La. App., 195 So. 663; Greeves v. S. H. Kress & Co., La.App., 198 So. 171; Lawson v. D. H. Holmes Co., La.App., 200 So. 163; Joynes v. Valloft & Dreaux, Inc., La.App., 1 So.2d 108; Relf v. Aetna Casualty & Surety Co., La.App., 1 So.2d 345.”
We followed this with this statement:
“In the case before us there is no proof that there was any grease, soap, water or other foreign substance on the floor at the spot where plaintiff fell.”
There, as here, “several employees * * * testified that * * * they made an examination of the floor but -did not discover anything thereon which might have caused plaintiff to fall.”
In that case we said:
“We are unaware of any case in which the operator of a store has been held liable for accidental injuries to a customer without proof of negligence based on some act of commission or omission on the part of the store operator. Plaintiff has not made out her case, as there is no proof in the record even remotely indicating that there *403 was any foreign substance'located upon the floor such as would have caused her unfortunate accident. * * * ”
If there was no liability there, surely there is none here, for here in addition to the failure of plaintiff to show with the slightest certainty that there was any foreign substance on the floor, there is the additional evidence which indicates that without any doubt at all plaintiff fell because of her unfortunate physical condition.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.