Valloft Dreaux, Inc., a corporation operating, in the lobby of the Canal Building, New Orleans, a candy vending counter, and nearby a cold drink dispensing stand, operate also, alongside the candy counter, what is known as an "iron-claw" machine, which occupies a floor space of about four square feet. On November 2, 1939, at about 2:30 o'clock in the afternoon, as Miss Elise Joynes was exchanging, or had just exchanged, a bar of candy at the candy counter, an empty Coca-Cola bottle fell on her left foot and then struck the tile floor. This caused it to break and a piece of the broken bottle struck her foot a second time and cut it severely.
Asserting the accident to be legally chargeable to the said Valloft Dreaux, Inc., Miss Joynes filed this suit, praying for judgment in the sum of $905.68. She alleged that the said bottle had fallen from the counter, but did not aver positively that it had been knocked from the counter by the attending employee of defendant, limiting her allegation in this regard to the charge that "it was negligence on the part of the employee of defendant to have struck said bottle in handing the candy to petitioner, if, in fact, she did strike said bottle".
She also alleged that the entire establishment was very much congested and particularly averred that the counter from which the bottle fell was almost covered with merchandise of various kinds, "leaving only a very small part of said counter near the edge thereof open for the resting of a Coca-Cola bottle". Without alleging definitely that the bottle in question had been allowed to remain on the counter for any particular period of time, she charged that "it was negligence on the part of defendant's employees not to have removed said bottle from the hazardous position in which it rested on said counter".
To this petition defendant filed exceptions of no right of action and of no cause of action, and also of vagueness. These exceptions were overruled.
In their answer defendant admitted the operation of the establishments and that a bottle fell from the counter, but it denied that any employee struck the bottle and especially denied that any Coca-Cola or other drinks had been sold from that counter. It averred that neither it nor any of its employees had knowledge as to just when that particular bottle had been placed on the counter and asserted that all employees have instructions to remove and do remove all such empty bottles as soon as they are discovered. And defendant averred, also, that, if there was any negligence on the part of any of its employees, the true cause of the accident was not the negligence of such employees, but was the contributory negligence of plaintiff herself.
There was judgment for defendant and plaintiff has appealed.
The only evidence concerning the actual occurrence is given by Miss Joynes herself and she fails completely to show that, in the actual falling of the bottle, any employee of the defendant was in any way concerned, and, in fact, is entirely unable to say that she herself did not knock it over. She does not even state positively that the bottle was near the edge of the counter, merely inferring that it was from the fact that it fell to the floor. In this situation plaintiff's counsel declares that the doctrine of "res ipsa loquitur" is applicable and that, in the absence of evidence by defendant showing how the accident occurred, or, at least, that it was without fault, there results from the occurrence itself a presumption of negligence which defendant must overcome if it is to defeat plaintiff's claim.
Of course, there is no liability unless there is fault, for a storekeeper is not the insurer of the safety of his patrons, and it follows that there is no liability here unless it is expressly shown, or unless, by the application of the doctrine of "res ipsa loquitur", the necessity of producing proof absolving itself has been placed upon defendant and it has failed to meet this necessity.
Let us consider the reasons which have made it seem fair and proper in certain circumstances to require a defendant *Page 110 
to shoulder the burden of going forward with the evidence. There can be no doubt that the doctrine of "res ipsa loquitur" results from a realization that certain accidents in all probability would not occur without fault and also from a further realization of the additional fact that, in certain situations, one of the parties is, or ought to be, in possession of information which, obviously, the other has no means of obtaining. In other words, it is a rule of necessity resulting from a consideration of the equities of the situation. The Virginia Special Court of Appeals, in Riggsby v. Tritton, 143 Va. 903, 129 S.E. 493, 496, 45 A.L.R. 280, after a consideration of many authorities which discussed the doctrine, said:
"* * * It is a rule of necessity, to be invoked only when necessary evidence is absent and not readily available."
Thus, where a train is derailed, a passenger cannot have knowledge as to the cause, whereas the operators of the train have, or ought to have, all information on the subject. At least, as between the operators of the train and the passenger, the duty of going forward with the proof should fairly be placed on the operators of the train. As a result, the doctrine of "res ipsa loquitur" relieves the injured passenger of the burden of showing fault on the part of the railroad, and, by the creation or the recognition of a legal presumption, assumes that there must have been fault on the part of the carrier and requires it to prove the contrary, or to bear the legal responsibility. This thought appears in Cooley on Torts (Fourth Edition) Volume III, section 480, page 374, as follows:
"* * * Suppose a railway train thrown from the track from some cause not apparent, and a large number of persons injured; would it be reasonable to put an injured person to the necessity of discovering and pointing out the cause, and tracing to the railway company the fault, before he could recover? * * * Or may he who has entrusted his person and his life to the control of the company, to be carried by them in vehicles of their own selection and management, rely upon the injury itself as entitling him to redress, and leave to the defense the task of presenting exculpatory evidence?"
Thus, too, where, in a store, or in a theater, something falls from the ceiling, or from a wall, and a patron is injured, it is at once recognized that such things do not occur without fault ordinarily, and also that the proprietor, though not the insurer of the safety of his patrons, is in a better position than is the patron to ascertain the cause, and, by proving that cause, to show that he was not at fault. It was on this thought that this court acted when, in Lonatro v. Palace Theater Company, 5 La.App. 386, we held that, where a bottle falls from above upon the head of a patron seated in a theater, there is placed on the proprietor the burden of showing that there was involved no negligence on his part.
The doctrine of "res ipsa loquitur" is not to be applied wherever there is injury, but only when, from the nature of the case, it is obvious that the plaintiff could have no knowledge as to the cause of the accident, and where, also, from the nature of the case, the accident is one which would not have occurred in the ordinary course of events and without the intervention of negligence. Mr. Cooley, in his work on Torts (Fourth Edition) Vol. III, section 480, page 369, says:
"* * * When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of an explanation by the defendant, that the accident arose from want of care."
In Corpus Juris, Vol. 45, page 1205, in a discussion of the doctrine of "res ipsa loquitur", appears the following:
"Accordingly if the circumstances do not suggest or indicate superior knowledge or opportunity for explanation on the part of the party charged or if plaintiff himself has equal or superior means of information, the doctrine cannot be invoked."
In Gershner v. Gulf Refining Company, La.App., 171 So. 399, 402, our brothers of the First Circuit said:
"The very nature of the doctrine renders it inapplicable to a case where the facts and circumstances surrounding the accident show that both plaintiff and the defendant had full knowledge of the surrounding circumstances and nature of the accident; * * *".
The leading Louisiana case on the subject of the doctrine under discussion is Lykiardopoulo v. New Orleans C.R. Light Power Company, 127 La. 309, *Page 111 
53 So. 575, 576, Ann.Cas.1912A, 976. There the Supreme Court says:
"In cases where the plaintiff cannot be expected to have any information as to the causes of the accident, whereas the defendant, on the contrary, must be assumed to be fully informed on the subject, and where the accident is of the kind which ordinarily do not occur when due care has been exercised, the rule of evidence is that the accident speaks for itself — res ipsa loquitur — that is to say, that a presumption of negligence arises from the fact itself of the accident."
Mr. Wigmore, in his work on Evidence (Third Edition), Vol. IX, page 382, says:
"It may be added that the particular force and justice of the rule, regarded as a presumption throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person."
In Dunaway v. Maroun et al., 178 So. 710, 712, the Court of Appeal for the Second Circuit quotes the following from Blashfield's Cyclopedia of Automobile Law Practice, Permanent Edition, Vol. 9, §§ 6043, 6048, 6046, verbo "Res Ipsa Loquitur" rule:
"`The rule will not be applied where the evidence discloses that the injury might have occurred by reason of the concurrent negligence of two or more persons or causes, one of which was not under the management and control of the defendant. * * *
"`It is only where the circumstances leave no room for a different presumption that the above maxim applies. It does not apply in any case where there is direct testimony as to the cause of the accident. * * *'"
We are unable to consider this case as in the same category with those in which some fixture in a building has fallen. Counsel cites several cases in which radiators fell from their positions on walls, or turned over because insecurely fastened. But it is obvious that such a fixture will not fall if properly attached and it is equally certain that if, because of insecure fastening, such a fixture does fall, a third person injured thereby can have no knowledge as to the cause. Thus, in these cases it is proper to permit the doctrine of "res ipsa loquitur" to require that defendant show that it was without fault.
Plaintiff points, also, to such cases as Crawford v. American Stores Company, 136 A. 715, 716, 5 N.J.Misc. 413, in which the plaintiff, "while standing in front of the counter was injured by some falling cans of pickles which had been piled on the counter to a height of nearly three feet". There, in the absence of proof as to the cause of the fall, the court held that, by the application of the doctrine of "res ipsa loquitur", there was created a presumption of negligence which defendant was required to rebut, or to bear the burden of liability. But there the cans had been placed in that dangerous position by defendant's employees and, in the absence of proof, it was obviously proper to assume that the accident had resulted from the careless creation of such a trap as a high pile of cans. We cannot see how those facts can be likened to the situation here, in which a single bottle was allowed to stand upon the counter.
In Armour et al. v. Golkowska, 202 Ill. 144, 66 N.E. 1037, the barrel which injured the plaintiff fell from a platform eight or nine feet high, obviously above her head. She, of course, could not have been expected to know anything about the cause of the fall and it is equally obvious that, if a barrel falls from an elevated platform, there is involved negligence which requires an explanation.
We find it unnecessary to discuss all of the cases on which plaintiff relies. Each of them can be put into the one category or the other. Each involved either the falling of a part of the building, or of something which should have been affixed to the building, or it involved the falling of an object due to circumstances about which the plaintiff could not possibly have had the knowledge which the defendant should have had. We, therefore, see no reason whatever to apply this doctrine to a situation such as that now before us, in which a bottle falls from a counter in full view of the patron. In the first place, such counters are made for the very purpose of receiving such articles, and, in the second place, where such a thing as a bottle falls from such a place as a counter, the patron is in just as advantageous a position to know all about the cause as are the employees. *Page 112 
Surely there is no negligence in permitting a bottle to be placed on a counter. And, for the moment, conceding, arguendo, that there may be negligence in permitting an empty bottle to remain for an unreasonably long time upon a counter, there is not one word in this record from which we can determine that this bottle remained on the counter for any such unreasonable length of time.
Of course it is strenuously contended by counsel for plaintiff that defendant permits many bottles to be thrown all over the establishment, but we do not see that that fact, even if true, can have any bearing upon this accident, because here the plaintiff herself shows that on this counter there was no other bottle, only this one, and the fact that there may have been many others elsewhere, or that it was defendant's custom to permit empty bottles to remain in other places, can have no bearing on this particular accident.
Had plaintiff shown that this counter was dangerously littered with bottles and that she could not transact her business without the danger of coming into contact with them, then, possibly, she would have shown that defendant's establishment was dangerous, but she has shown no such condition so far as this counter was concerned, and, as we have already stated, does not even testify positively that the bottle was near to the edge of the counter.
Reverting, for the moment, to the theory of plaintiff that it is negligence to permit an empty bottle to remain on a counter, we recollect that it has often been held that a storekeeper is not liable for accidents resulting from the placing on his floors by third persons of extraneous objects or substances, such as banana peels, unless there is a showing that such objects remained for so long a time as to create the presumption that the storekeeper was negligent in failing to discover and to remove them. Powell v. L. Feibleman Company, La.App., 187 So. 130. Why should not this doctrine be applicable to the facts of this case?
We repeat that there is not one word of proof here that this bottle had remained on the counter for any particular length of time, and, if it be conceded that it would be negligence in the proprietor of a cold drink stand to allow a bottle to remain on his counter for any particular time — and we find it difficult to so assume — surely there should have been proof that this bottle was so permitted to remain. There is no such proof here.
Huber v. American Drug Stores, 19 La.App. 430, 140 So. 120, is not at all similar in the principle which was involved. The time element was all that we were concerned with in that case and we held that any time at all was too long to permit broken glass, screened from view by the loose straws of a broom, to remain upon a floor where it might be struck by the foot of a customer.
Counsel for plaintiff would distinguish the case at bar from those in which it was held that a storekeeper is not liable for injuries resulting from a customer's slipping upon some extraneous substance or object on the floor unless it appears that the substance or object remained upon the floor for a sufficient time to permit it to be said that there was negligence on the part of the employees in failing to discover or to remove it. Such, for instance, was the doctrine which we followed in Powell v. L. Feibleman Company, supra.
We think that the only distinction which can be made — and that distinction is not favorable to plaintiff here — is that, in the Powell case [187 So. 131], and in those others like it, it appeared that the substance or object upon which the patron slipped was, as we have said in that case, "potentially dangerous to the patrons of the store", whereas we see nothing potentially dangerous in permitting an empty Coca-Cola bottle to remain upon a counter.
But, if it be conceded that a Coca-Cola bottle upon a counter is potentially dangerous to patrons, and we have difficulty in so conceding even for the purpose of this discussion, still there is, as we said in the Powell case, no liability even if injury results from the presence of something "potentially dangerous to the patrons" unless it appears that it remained for a sufficient time to permit it to be properly said that the employees were negligent in failing to discover and to remove it.
So that, if we apply that principle here and first make the difficult concession that a Coca-Cola bottle on a counter is potentially dangerous to patrons, still that does not create in plaintiff a right to recover because the record does not show *Page 113 
how long the bottle had remained there before the occurrence of the accident.
Just who must make this proof is in some doubt. In the Powell case we said:
"Our understanding of the situation is that the doctrine of res ipsa loquitur does not apply to a storekeeper whose obligation towards his customers is to use ordinary care to keep the aisles, passageways, floors and walks in a reasonably safe condition. Farrow v. John R. Thompson Company, 18 La.App. 404, 135 So. 80, 137 So. 604. No presumption of fault arises from the mere fact of injury to a customer and in a suit for damages growing out of such injury the plaintiff must show that the injury was caused by the negligence of the storekeeper or one of its employees. It must be conceded that a banana peel upon the floor of a department store is potentially dangerous to the patrons of the store, but real or constructive notice of its presence must be proven before the proprietor can be held responsible for the injury which it caused. In other words, it must appear that the proprietor or one of its employees knew that the banana peel was on the floor or that it remained there for so long a time as to amount to constructive notice, and the burden of proof rests upon plaintiff and not defendant."
It is possible that, having found a banana peel to be a substance potentially dangerous, we should have concluded that the initial burden should rest upon the storekeeper to show, in a preliminary way, that the substance had not been on the floor for an unreasonably long time. This could be done by showing the frequency and the thoroughness of inspections. And, as soon as the storekeeper has made such a preliminary showing, the burden should then shift to the patron to rebut this evidence by showing that, as a matter of fact, there was negligence in failing to discover the dangerous object or substance.
But our suggestion, that where there is potential danger it might be proper to recognize the storekeeper to make a preliminary or prima facie showing that there were reasonably careful and thorough inspections, has reference only to those cases in which there is potential danger and should not be construed as necessary at all where, as here, the object is not in any sense potentially dangerous.
What we have in mind is that, where it is sought to hold liable a storekeeper for injuries resulting from some extraneous substance or object, there is no liability unless it appears, first, that the object is dangerous, and, second, that it was allowed to remain a source of danger for too long a time.
Now, if it is not dangerous, there is no liability, however long it may be permitted to remain, but, even if it is dangerous, then there is no liability until it appears that it has remained for a time longer than that in which it should have been discovered and removed, and the burden of showing this length of time is upon plaintiff, subject, however, to the requirement that defendant must first, in a preliminary way, show that, in spite of reasonably careful and frequent inspections, it was not discovered.
Counsel, in a supplemental brief, has called attention to Woodall v. Dickson Ice Cream Company, La.App., 180 So. 193, in which it was held that the proprietor of a coffee shop was liable to an employee, a waitress, who stumbled over an object which had been left upon the floor in a position in which it was difficult for the waitress to see it. We see no similarity whatever between that case and this.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.