LOTTINGER, Judge.
This is a tort action for alleged personal injuries occasioned by a fall sustained by plaintiff in defendant’s store. The matter was tried in the Court below before a jury as prayed for by plaintiff and, following a verdict adverse to him, he has appealed.
The record shows that on the afternoon of December 1, 1960, as plaintiff was pushing a grocery cart along the south aisle of defendant’s store in an easterly direction, he slipped on an egg. He testified that following the fall he became sick and vomited on the way to the bathroom in the rear of the store near the stairway. He testified that there were other customers in the aisle, that same was straight and wide and denied seeing the egg prior to his slipping on same.
The jurisprudence in this state with respect to slip and fall cases has been firmly established. One of the leading cases on the subject is that of Peters v. Great Atlantic and Pacific Tea Company, La.App., 72 So.2d 562, decided by our brethren of the Third Circuit. Therein the plaintiff alleged that he had slipped on a bean and the Court held as follows:
“Plaintiff’s cause of action arises from LSA-C.C. art. 2316, declaring persons are responsible for the damage occasioned by their negligence, imprudence or want of skill. Under this statute a store keeper has the responsibility to provide a safe place for his customers. He is not the insurer of their safety, however, and need only keep floors and passage ways in a reasonably safe condition for use in a manner consistent with the purpose of the premises. See: Savoy v. G. F. Poole Mortuary, Inc., La.App.1952, 60 So.2d 108; Boucher v. Paramount-Richards Theatres, Inc., La.App.1947, 30 So.2d 211; Lawson v. D. H. Holmes Co., Ltd., La.App.1941, 200 So. 163; Greeves v. S. H. Kress & Co., La.App.1940, 198 So. 171; Bartell v. Serio, La.App.1938, 180 So. 460; Bell v. Feibleman & Co., Inc., La.App.1935, 164 So. 273; Grigsby v. Morgan & Lindsey, La.App.1933, 148 So. 506; Huber v. American Drug *323 Stores, 1932, 19 La.App. 430, 140 So. 120.
“He must exercise the degree of care that would be exercised by an ordinary prudent man under similar circumstances. See: Ellington v. Walgreen Louisiana Co., Inc., La.App.1949, 38 So.2d 177; Knight v. Travelers Insurance Co., La.App.1947, 32 So.2d 508.
“His liability arises only when injuries are caused by his negligence; Bishop v. F. W. Woolworth & Co., La.App. 1942, 8 So.2d 701, and not as a result of an extraneous object in the store or upon the floor unless the object was dangerous and allowed to remain a source of danger for a longer period of time than that in which it should have been discovered and removed. Joynes v. Valloft & Dreaux, Inc., La.App.1941, 1 So.2d 108.
“It is the settled jurisprudence of this state that the doctrine of res ipsa loquitur is inapplicable to a store keeper whose obligation toward his customer is the use of ordinary care to keep aisles, passage ways, floors and walks in a reasonably safe condition, and no presumption of fault of the store keeper arises from the mere fact of injury to a customer. See: Bartell v. Serio, La.App.1938, 180 So. 460; Powell v. L. Feibleman & Co. Inc., La.App.1939, 187 So. 130; Battles v. Wellan, La.App.1940, 195 So. 663; Greeves v. S. H. Kress & Co., La.App.1940, 198 So. 171; Lawson v. D. H. Holmes Co., Ltd., La.App.1941, 200 So. 163; Joynes v. Valloft & Dreaux, Inc., La.App.1941, 1 So.2d 108; Relf v. Aetna Casualty & Surety Co., La.App.1941, 1 So.2d 345; Hays v. Maison Blanche Co., La.App.1947, 30 So.2d 225.
“One who asserts an obligation for a breach of duty bears the burden of establishing it by a preponderance of the evidence except where his opponent is the most cognizant of facts necessary to decide the issue. See: Louisiana Tractor & Machinery Co. v. Henry, La.App.1945, 24 So.2d 188; Morris v. Vining, La.App.1950, 49 So.2d 458; Commercial Union Fire Insurance Co. v. Thibodaux, La.App.1952, 60 So.2d 425.
“The record in the instant case discloses defendant’s agents or employees were not more cognizant of the cause of Mrs. Peters’ injury than she was, and, therefore, plaintiff must sustain by a preponderance of the evidence the burden of proving her accident was due to some negligent act chargeable to the defendant. Applicable here, it seems to us, is the rule that where the unsupported testimony of plaintiff is contradicted by the testimony of the defendant and the credibility of neither is attacked, and there is no corroborating evidence of conditions, plaintiff is held not to have made out a case. Winford v. Wilson, La.App.1952, 59 So.2d 498.
“As pointed out above it is conceded that Mrs. Peters fell in defendant’s store and suffered a broken arm and perhaps other injuries. Even if we concede, however, that her foot slipped upon a bean which had fallen to the floor still plaintiff has entirely failed to prove that the bean remained on the floor for such a period of time that it became the duty of the defendant to notice and remove it from the floor. In failing to do this plaintiff has failed to prove fault on the part of the defendant to the extent required in order to assess liability.”
The above language was cited with approval by us in the case of Stillwell v. Winn-Dixie Hill, Inc., La.App., 146 So.2d 707. Also pertinent is the holding of the Third Circuit Court of Appeal in the case of Lejeune v. Hartford Accident and Indemnity Co., La.App., 136 So.2d 157, where *324 in the Peters case was cited, the Court holding as follows:
“It is fundamental in our law that the extraneous instrumentality or other object causing the accident must be inherently or potentially dangerous. It must have been placed or left in the position in which it caused the accident by the storekeeper, his agents or employees ; or, if placed by someone else, the storekeeper, his agents or employees must have had real knowledge of this, or that it had remained in such position of danger for such a length of time that they would have constructive knowledge of it and failed to remove it. Plaintiff bears the burden of proving these facts before there can be a finding of actionable negligence on the part of the owner or storekeeper. Powell v. L. Feibleman & Co., La.App., 187 So. 130; Peters v. Great Atlantic & Pacific Tea Co., La.App., 72 So.2d 562. However, there is no fixed rule on facts, and the facts of each case must be treated independently in conformity with the true civil law concept.” b
There is no evidence in the record whatever as to who placed the egg on the floor. It was not located near the egg display counter and could, of course, have been placed there by a customer as well as by an employee of the defendant. The question, therefore, is, whether the defendant had knowledge of the egg being on the floor and, if not, had the egg been there a sufficient length of time in which the defendant should have known of its presence.
There is no evidence in the record whatever which even tends to show that either the defendant or its employees had any knowledge of the egg’s presence. John Henry Walker, the porter who had been employed by defendant for seven years testified that in accordance with1 his customary duties, on the day of the accident he swept the floor before his lunch hour at 11 o’clock A.M.; that he swept it again at about 12:30 o’clock P.M. and again at about 2:30 o clock or 2:45 o’clock P.M. He testified that in sweeping, he used a wide push1 broom and that it required three trips to sweep one aisle. He stated further that he had just finished sweeping the floor and had returned to the rear of the store where the stairs are located when he noticed the vomit on the floor. He stated that it did' not take him more than ten minutes to sweep’ the entire store and, therefore, it was apparent that the egg could not have been on the floor more than ten minutes prior to the accident which is not a sufficient length of time to warrant us as branding the defendant with negligence.
The judgment appealed from is correct and, is, therefore, affirmed.
Judgment affirmed.
ELLIS, J., recused.