ELLIS, Judge.
This case arises out of an accident which happened when plaintiff, Mrs. Louise C. Bennett, fell while shopping in the Del-mont Village store of J. C. Penney Co. in Baton Rouge. The suit was brought by Mrs. Bennett and her husband against J. C. Penney Co. and its insurer, the Travelers Insurance Company, for her personal injuries and expenses incident thereto. From a judgment rejecting their demands, plaintiffs have brought this appeal.
According to the testimony of Mrs. Bennett, she had visited the Penney store to buy some merchandise and was walking out of the store carrying her package when she stepped on a plastic bag lying in the aisle, which caused her to slip and fall. . As a result of the fall, she suffered a sprained *100 ankle. The only other witness to the accident was Mrs. Genevieve Spedale, an employee of the store who was on duty in the immediate vicinity. She testified that she first saw Mrs. Bennett leaning on a dress rack, and Mrs. Bennett said: “Did you see that?”, and indicated the plastic bag on the floor. Mrs. Bennett indicated that she had slipped on the bag but did not say that she had fallen. When asked if she was hurt, she told Mrs. Spedale that she was dizzy. Mrs. Spedale picked up the plastic bag and threw it away, and asked Mrs. Bennett if she wanted to sit down. Mrs. Bennett did not sit down, and walked out of the store.
The evidence also demonstrates that there were a number of employees working in the vicinity of the site of the accident, and that all employees of the J. C. Penney store were instructed to pick up any loose material or foreign objects which they saw in the aisle. The record also shows that the store is customarily swept out morning and evening. No evidence was offered to show how the bag got in the aisle or how long it had been there when the accident happened.
In cases of this sort, the plaintiff bears the burden of proving by a preponderance of the evidence that the owner or operator of the store had actual or implied knowledge of the presence of the foreign object on the floor, if it had been placed there by the owner or one of his employees. If placed by someone else, it must be shown that the owner or one of his employees had actual knowledge of the presence of the foreign object, or that it had remained on the floor for such a period of time that such knowledge could be presumed. Peters v. Great Atlantic & Pacific Tea Co., 72 So.2d 562 (La.App. 2 Cir. 1954), and Roberts v. Courville, 162 So.2d 750 (La.App. 1 Cir. 1964).
In this case, the plaintiff had not shown how the plastic bag got on the floor, how long it had been there, or that it should reasonably have been discovered by the owner or his employees before the accident. Under those circumstances, the plaintiffs failed to bear their burden of proof and their case was properly dismissed by the court below.
The judgment of the trial court is therefore affirmed at plaintiff’s cost.
Affirmed.