230 So.2d 383 (1969)
Leslie LANG and Mrs. Lucille Fornea Lang
v.
WINN-DIXIE LOUISIANA, INC., and Fidelity & Casualty Company of New York.
No. 7819.
Court of Appeal of Louisiana, First Circuit.
December 22, 1969.
Rehearing Denied February 2, 1970.
Writ Refused April 3, 1970.
*384 W. K. Christovich of Christovich & Kearney, New Orleans, for appellants.
Dewell D. Pittman, Bogalusa, for appellees.
Before LOTTINGER, REID and BLANCHE, JJ.
BLANCHE, Judge.
This appeal arises out of a "slip-fall" suit to recover damages for personal injuries sustained by plaintiff Mrs. Lucille Fornea Lang and for community expenses incurred by plaintiff Leslie Lang resulting from his wife's alleged fall while shopping at defendant's grocery store in Bogalusa, Louisiana. The trial court rendered judgment in favor of plaintiff wife in the principal sum of $2,000.00 and in favor of plaintiff husband in the principal sum of $417.07 and against the store owner and its liability insurer, in solido. From this adverse judgment defendants perfected this suspensive appeal, which appeal was answered by plaintiff wife seeking an increase in quantum. We affirm.
Defendants' first assignment of error urges that the trial court erred in accepting plaintiff's testimony that she fell in defendant's store as a result of stepping on "cut up okra" on the floor of the grocery store. Plaintiff wife testified she entered defendant's store by herself at about 5:50 P.M. to purchase some watermelons, and after obtaining a shopping cart she proceeded down an aisle of the store to the rear thereof, pushing the cart in front of her. Plaintiff testified that as she was proceeding down this aisle where the produce and frozen foods were located, her foot suddenly slipped causing her to fall to the floor. Plaintiff further testified that after she fell she looked around to ascertain on what her foot had slipped whereupon she noticed what she described as several pieces of "thawed frozen cut-up okra" scattered about the floor. Plaintiff further testified that she was familiar with the canning and freezing of okra and that she was certain the okra on the floor was frozen, cut-up okra which had thawed out and become slimy and slippery. She stated the frozen food counter was about six feet from the place where she fell. Plaintiff further described a green streak upon the floor left by her heel where it had slipped upon a piece of the okra. Plaintiff testified that after her fall she got up and proceeded toward the front of the store where she was met by the manager to whom she related her experience, after which she returned to the scene of her fall and pointed out the okra to the manager, who then ordered a store employee to clean up the spilled okra. The store manager contradicted *385 plaintiff's testimony and stated that he was not shown any spilled produce on the floor by the plaintiff nor did he detect any and further that he did not have a store employee clean up any produce as plaintiff alleged.
The presiding judge in his written reasons for judgment made the following pertinent comments:
"It is my conclusion that Mrs. Lang did sustain a fall and resulting injuries, and that she fell when she stepped on a piece of cut up okra which was on the floor of the super-market * * *. I was impressed with the sincerity of Mrs. Lang, and I believe her testimony."
It is well settled that factual conclusions of trier of fact are entitled to great weight and should not be disturbed upon review in absence of manifest error, especially when based upon evaluation of credibility of opposing witnesses. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958); Orlando v. Polito, 228 La. 846, 84 So.2d 433 (1955). We have no reason to disturb the trial court's findings of fact, which obviously involved determinations of credibility of the witnesses, and we cannot say the trial court committed manifest error in accepting plaintiff's version of how the accident occurred including the presence of the thawed-out, cut-up okra. Defendants' first specification of error is without merit.
Defendants' second specification of error urges that the trial court erred in charging the store owner with constructive notice of the cut-up okra on the floor as a result of his finding of a lack of due care on the part of the store personnel, while in their third specification of error the defendants contend the trial court erred in applying, in effect, the doctrine of res ipsa loquitur where there was no basis under the evidence or the law for application of such doctrine. These two specifications of error will be treated together.
The record reflects the absence of any evidence indicating that the okra was placed upon the floor by an employee of the defendant store, and the trial court in its reasons for judgment stated that there was no direct evidence of any actual notice to or knowledge on the part of any of the store employees of the presence of the okra upon the floor. The trial court stated in its reasons for judgment, however, that a review of the evidence convinces me that there was not a sufficient degree of due care on the part of the store personnel to prevent my conclusion of constructive notice."
In Smith v. Great Atlantic & Pacific Tea Company, Inc., 166 So.2d 322 (La.App. 1st Cir. 1964), we had occasion to summarize some of the leading jurisprudence in the area of slip-fall cases, from which we quote the following excerpts:
"The jurisprudence in this state with respect to slip and fall cases has been firmly established. One of the leading cases on the subject is that of Peters v. Great Atlantic and Pacific Tea Company, La.App., 72 So.2d 562, decided by our brethren of the Third Circuit. Therein the plaintiff alleged that he had slipped on a bean and the Court held as follows:
"Plaintiff's cause of action arises from LSA-C.C. art. 2316, declaring persons are responsible for the damage occasioned by their negligence, imprudence or want of skill. Under this statute a store keeper has the responsibility to provide a safe place for his customers. He is not the insurer of their safety, however, and need only keep floors and passage ways in a reasonably safe condition for use in a manner consistent with the purpose of the premises. See: Savoy v. G. F. Poole Mortuary, Inc., La.App. 1952, 60 So.2d 108; Boucher v. Paramount-Richards Theatres, Inc., La.App. 1947, 30 So.2d 211; Lawson v. D. H. Holmes Co., Ltd., La.App.1941, 200 So. 163; Greeves v. S. H. Kress & Co., La.App. 1940, 198 So. 171; Bartell v. Serio, *386 La.App. 1938, 180 So. 460; Bell v. Feibleman & Co., Inc., La.App. 1935, 164 So. 273; Grigsby v. Morgan & Lindsey, La.App.1933, 148 So. 506; Huber v. American Drug Stores, 1932, 19 La.App. 430, 140 So. 120.
"He must exercise the degree of care that would be exercised by an ordinary prudent man under similar circumstances. See: Ellington v. Walgreen Louisiana Co., Inc., La.App. 1949, 38 So.2d 177; Knight v. Travelers Insurance Co., La.App.1947, 32 So.2d 508.
"His liability arises only when injuries are caused by his negligence; Bishop v. F. W. Woolworth & Co., La.App. 1942, 8 So.2d 701, and not as a result of an extraneous object in the store or upon the floor unless the object was dangerous and allowed to remain a source of danger for a longer period of time than that in which it should have been discovered and removed. Joynes v. Valloft & Dreaux, Inc., La. App.1941, 1 So.2d 108.'
* * * * * *
"The above language was cited with approval by us in the case of Stillwell v. Winn-Dixie Hill, Inc., La.App., 146 So.2d 707. Also pertinent is the holding of the Third Circuit Court of Appeal in the case of LeJeune v. Hartford Accident and Indemnity Co., La.App., 136 So.2d 157, wherein the Peters case was cited, the Court holding as follows:
`It is fundamental in our law that the extraneous instrumentality or other object causing the accident must be inherently or potentially dangerous. It must have been placed or left in the position in which it caused the accident by the storekeeper, his agents or employees; or, if placed by someone else, the storekeeper, his agents or employees must have had real knowledge of this, or that it had remained in such position of danger for such a length of time that they would have constructive knowledge of it and failed to remove it. Plaintiff bears the burden of proving these facts before there can be a finding of actionable negligence on the part of the owner or storekeeper. Powell v. L. Feibleman & Co., La. App., 187 So. 130; Peters v. Great Atlantic & Pacific Tea Co., La.App., 72 So.2d 562. However, there is no fixed rule on facts, and the facts of each case must be treated independently in conformity with the true civil law concept.'"
Defendants take the position that in accordance with the foregoing jurisprudence as well as other cases cited by defendants, plaintiffs bear the burden of proving constructive notice on the part of defendant storekeeper of the presence of the okra on the aisle, there being no evidence that the okra was placed on the aisle by an employee of the store nor that the defendant store owner had actual notice thereof. Defendants further contend that plaintiffs failed to carry this burden of proof in that the record fails to indicate how long the okra was on the floor and therefore fails to show that it was present on the floor for such a length of time as to amount to constructive notice to defendant storekeeper. Defendants further contend that the trial court erred as a matter of law in charging defendants with constructive notice on the basis of lack of sufficient degree of due care exercised by defendant storekeeper with regard to inspection procedures and that the trial court erred in applying, in effect, the doctrine of res ipsa loquitur. We do not agree with these contentions.
A review of the record convinces us that the trial court committed no manifest error in concluding that the defendant storekeeper's inspection and clean-up procedures were inadequate, at least with regard to the aisle where produce and frozen food products were located and with regard to late Saturday afternoon, the time of the accident, which defendant's store manager testified was the busiest time and the time when most customers were in the store.
*387 A review of the following testimony of James Rufus King, defendant's store manager, is relevant in this regard:
"A Well by opening the store in the morning you receive on Monday, Wednesday, Friday and Saturday, you receive perishable merchandise but 6 days a week prior to opening the store, the store is scrubbed by a machine by the porter each morning before the store is opened and it is waxed twice a week before the store is opened, on Wednesdays and Fridays.
"Q What about during the day? Is there any time during the day when there is any cleanup?
"A Yes sir, on the produce aisle, every time anybody stocks anything, they clean up the aisle behind them. * * *
"Q. Is there any company policy with respect to the duties of any employee at all with respect to any foreign object or vegetable matter of any kind?
"A Yes, sir, when it is discovered it is cleaned up, if it is something broken on the floor somebody stands guard by it until somebory comes to clean it up." (Tr. 56)
The testimony of the three store employees who were assigned to the produce department on this particular Saturday afternoon, Wayne Taylor, Hollis Welch and Earl Creel, indicates that only these three employees had anything to do with the produce department on the day in question and from 4:30 P.M. Wayne Taylor and Hollis Welch were in a back room of the store, not in the shopping area or produce aisle, cleaning up this back room and taking inventory therein, while the third employee, Earl Creel, was doing bookkeeping work and was in a back room of the store and therefore not in the area of the aisle where produce and frozen foods were located from 4:45 P.M. until 8:00 P.M. Accordingly, by the admitted testimony of these store employees none of those employees who were assigned to the produce department were in the vicinity of the produce area of the store and the area where the accident took place from 4:30 or 4:45 P.M., or more than one and one-half hours before the accident occurred, and were therefore not available for any periodic inspections and, in fact, none. The record further indicates that no periodic inspection or clean-up procedure was utilized by the store after the initial opening thereof in the morning, the only clean-up activity being when something was called to the attention of an employee. Defendants contend, however, that the lack of periodic inspections or regular clean-up procedures cannot avail plaintiffs anything unless plaintiffs are further able to show that the foreign substance causing the fall remained on the floor for such a period of time as to warrant charging the defendants with constructive notice, in support of which position defendants cite Lofton v. Travelers Insurance Company, 208 So.2d 739 (La.App. 3rd Cir. 1968), writ refused, 252 La. 457, 211 So.2d 327. In Lofton plaintiff sued for injuries sustained in a fall in defendant's store which occurred when she stepped in a puddle of clear water. The court pointed out that defendant had been unable to show any specific inspections of the floor during the period from the time the store opened at 9:00 A.M. until the time of plaintiff's fall at 10:30 or 11:00 A.M. but the appellate court reversed the trial court's finding that the store's inspection procedures were inadequate, holding that because the record did not indicate knowledge on the part of anyone as to how the water happened to be on the floor or how long it had been there the storekeeper could not be charged with constructive knowledge of the hazard absent such evidence. In commenting upon the trial court's holding, the court in Lofton stated the following:
"This holding indicates that the burden of proof rests upon the defendant to *388 prove to the court's satisfaction that an adequate inspection procedure was used and that, in spite of the inspection procedure, the accident occurred. This in essence is an application of the doctrine of res ipsa loquitur. This doctrine was urged in the case of Joynes v. Valloft & Dreaux, Inc., La.App., 1 So.2d 108, wherein the court held that the doctrine could only apply where it is shown that the accident would not have occurred in the ordinary course of events without intervention of negligence.
"The court is aware of the many problems which face a plaintiff in proving a slip and fall action. Rarely will the plaintiff have the names and addresses of any independent witnesses. The facts concerning the accident and the existing conditions will almost always lie within the knowledge of persons who, because of adverse interests, are reluctant to make disclosures. However, the fact that these problems exist does not relieve the plaintiff from carrying the burden of proof throughout the trial. He is not aided by any presumption from the mere fact of a fall and a resultant injury. He cannot rely on the doctrine of res ipsa loquitur." (208 So.2d at 741)
In Joynes v. Valloft & Dreaux, 1 So.2d 108 (La.App.Orl.Cir.1941), writ denied, the court in dictum modified its opinion in the case of Powell v. L. Feibleman & Company, 187 So. 130 (La.App. Orl.Cir. 1939), and indicated that a storekeeper to avoid liability for injuries to a customer because of negligence in failing to discover an object or substance upon the floor which causes injury must make a preliminary or prima facie showing of reasonably careful and thorough inspection where there was potential danger to patrons and that while the burden is on the plaintiff to show that such substance remained on the floor for a longer time than that in which it should have been discovered and removed this burden on the plaintiff is subject to the requirement that the defendant first show in a preliminary way that the foreign substance was not discovered in spite of reasonably careful and frequent inspection:
"Just who must make this proof is in some doubt. In the Powell case we said:
`Our understanding of the situation is that the doctrine of res ipsa loquitur does not apply to a storekeeper whose obligation towards his customers is to use ordinary care to keep the aisles, passageways, floors and walks in a reasonably safe condition. Farrow v. John R. Thompson Company, 18 La. App. 404, 135 So. 80, 137 So. 604. No presumption of fault arises from the mere fact of injury to a customer and in a suit for damages growing out of such injury the plaintiff must show that the injury was caused by the negligence of the storekeeper or one of its employees. It must be conceded that a banana peel upon the floor of a department store is potentially dangerous to the patrons of the store, but real or constructive notice of its presence must be proven before the proprietor can be held responsible for the injury which it caused. In other words, it must appear that the proprietor or one of its employees knew that the banana peel was on the floor or that it remained there for so long a time as to amount to constructive notice, and the burden of proof rests upon plaintiff and not defendant.'
"It is possible that, having found a banana peel to be a substance potentially dangerous, we should have concluded that the initial burden should rest upon the storekeeper to show, in a preliminary way, that the substance had not been on the floor for an unreasonably long time. This could be done by showing the frequency and the thoroughness of inspections. And, as soon a the storekeeper has made such a preliminary showing, the burden should then shift to the patron to rebut this evidence by showing that, *389 as a matter of fact, there was negligence in failing to discover the dangerous object or substance.
"But our suggestion, that where there is potential danger it might be proper to recognize the storekeeper to make a preliminary or prima facie showing that there were reasonably careful and thorough inspections, has reference only to those cases in which there is potential danger and should not be construed as necessary at all where, as here, the object is not in any sense potentially dangerous.
"What we have in mind is that, where it is sought to hold liable a storekeeper for injuries resulting from some extraneous substance or object, there is no liability unless it appears, first, that the object is dangerous, and, second, that it was allowed to remain a source of danger for too long a time.
"Now, if it is not dangerous, there is no liability, however long it may be permitted to remain, but, even if it is dangerous, then there is no liability until it appears that it has remained for a time longer than that in which it should have been discovered and removed, and the burden of showing this length of time is upon plaintiff, subject, however, to the requirement that defendant must first, in a preliminary way, show that, in spite of reasonably careful and frequent inspections, it was not discovered." (1 So. 2d at 113. Emphasis supplied by this Court.)
We find reason and merit in the foregoing principles enunciated in Joynes v. Valloft and Dreaux, supra, for the reason that this opinion gives consideration to the primary duty owed by the storekeeper to its customers or invitees, i. e., the duty to provide a reasonably safe place in which to conduct their shopping business. As recently stated by the Third Circuit Court of Appeal in Chauvin v. United States Fidelity & Guaranty Company, 223 So.2d 441 (La.App.3rd Cir. 1969), writ refused, 254 La. 790, 226 So.2d 921:
"The storekeeper is not an insurer of the safety of his customers, his duty being to exercise reasonable care for their safety. However, the duty to use reasonable care is a full one, extending to every hazard which creates an unreasonable risk of foreseeable harm to his business invitees. This duty includes that of inspecting the premises for defects and warning of perils which the customers may not see through the exercise of ordinary care. Consideration must be given to the nature of the premises and the business purpose for which it is used. Peters v. Great Atlantic & Pacific Tea Company, La.App., 72 So.2d 562; Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162 (1963); Alexander v. General Accident Fire & Life Insurance Corp., La. App., 98 So.2d 730; Prosser, Law of Torts, 3d. Ed., 401-405." (223 So.2d at 445)
We find ourselves unable to subscribe to the position taken by our brethren of the Third Circuit in Lofton v. Travelers Insurance Company, supra, to the extent that it negates a right of recovery against a storekeeper on the basis of his fault in failing to engage in any reasonable inspection procedures and therefore in failing to furnish its business invitees a safe place in which to conduct their business. In effect, the sanctioning of such a rule as that announced in Lofton relegates the use of inspection procedures by a storekeeper to only a secondary significance, i. e., to defend against imposition of constructive notice where plaintiff's evidence tends to prove the presence of the foreign substance on the floor for a certain length of time, rather than as part of fulfillment of the primary duty owed by the storekeeper to furnish its customers with a safe place in which to conduct their business. We subscribe instead to the position subsequently enunciated by the Third Circuit Court of Appeal in Chauvin v. United States Fidelity & Guaranty Company, supra, that the duty to use reasonable care includes that of *390 reasonable inspection, which duty requires consideration of the nature of the premises, business purposes and the particular fact situation.
In Whalen v. Phoenix Indemnity Company, 222 F.2d 121 (C.A. 5th Cir. 1955), the following pertinent remark was made:
"The rule contended for by Petitioner taken to its logical conclusion would mean that a storekeeper well aware of careless general practices in his store constituting recurring dangers to the safety of others, and who did nothing to correct those practices, would not be liable for a foreseeable injury resulting from this failure to exercise care, if the injury happened to result from a condition of which he or his agents were not specifically notified or which had not existed some considerable period of time sufficient to constitute constructive notice of the particular condition. A result more incongruous with principles of fault liability in Louisiana or elsewhere is difficult to imagine; the rule urged on us by Petitioner then cannot be correct." (222 F.2d at 124, 125)
See also Sattler v. Great Atlantic & Pacific Tea Company, 18 F.R.D. 271 (D.C., W.D. La. 1955):
"It is well settled in Louisiana that in order to impose liability on a storekeeper for injuries to a business invitee, the dangerous condition must have been created by the storekeeper, or must either have been known to him or have existed for such a time that in the exercise of ordinary care he would have discovered it; or there must be a showing of careless general practices in the store constituting recurrent dangers to the safety of the customers. * * * I do not say that the foreseeability that customers will drop their vegetables imposes no duty of care on the storekeeper. On the contrary, the storekeeper here evidently recognized such a duty and had five check-out clerks and five bag-boys, whose duties, among other things, consisted in policing the general area where this accident occurred. This is not a case of careless general practices in a store. If it were, then, as pointed out in the Whalen case [Whalen v. Phoenix Indemnity Company, supra] it would not matter whether defendant's agents and employees were specifically notified or not." (18 F.R.D. at 275, 276. Emphasis supplied by this Court.)
We feel the trial court committed no manifest error in holding the defendants liable on the basis of their inadequate inspection and clean-up procedures under the particular facts and circumstances of this case and the consequent failure on the part of the defendants to fulfill their duty of care owed to this plaintiff customer. A review of the reported cases cited by defendants, with the exception of Lofton, wherein storekeepers were held not liable on the basis of no constructive notice reflect that the storekeeper had fulfilled its duty of reasonable inspection and clean-up procedures under the facts and circumstances of the particular cases. See, for example, Peters v. Great Atlantic & Pacific Tea Company, 72 So.2d 562 (La.App.2d Cir. 1954); Levine v. Hartford Accident & Indemnity Company, 149 So.2d 433 (La.App. 3rd Cir. 1963); Smith v. Great Atlantic & Pacific Tea Company, 166 So.2d 322 (La. App. 1st Cir. 1964); DeMarco v. Great Atlantic & Pacific Tea Company, 190 So. 2d 491 (La.App. 1st Cir. 1966); Sigler v. Mt. Vernon Fire Insurance Company, 201 So.2d 656 (La.App. 3rd Cir. 1967); Fish v. Aetna Casualty & Surety Company, 205 So.2d 187 (La.App. 2d Cir. 1967), writ refused, 251 La. 863, 206 So.2d 713; Bennett v. J. C. Penney & Company, 209 So.2d 99 (La.App. 1st Cir. 1968).
We are further of the opinion that in the event plaintiffs were required to demonstrate the presence of the okra on the aisle for a sufficient length of time as to constitute constructive notice, plaintiffs have borne that burden. As previously stated the trial court accepted the testimony of Mrs. Lang that she slipped on a piece of *391 okra and it is apparent that the trial court likewise accepted her testimony that the okra was frozen, cut-up okra which had thawed, leaving damp spots on the floor as testified to by this plaintiff. Unlike Lofton where the extraneous substance causing plaintiff to fall was a mere puddle of water, here the extraneous substance was found by the trial court to be cut-up, frozen okra which had thawed. According to the uncontroverted testimony of Mrs. Lang, whose credibility as previously mentioned has been clearly attested to by the trial court, her experience with preserving okra indicates a required time lapse of thirty minutes to one hour before frozen, cut-up okra will thaw, thereby indicating that the okra had been out of the frozen food counter and on the floor for at least thirty minutes to one hour before the accident. The presence of an extraneous substance or object on the floor or in a passageway of a store for thirty to forty minutes or for forty-five minutes has been held sufficient time to charge the respective storekeeper with constructive notice in Vogts v. Schwegmann, 56 So.2d 177 (La. App.Orl.Cir. 1952) and Walters v. Sears, Roebuck & Company, 196 So.2d 563 (La. App. 4th Cir. 1967), writ refused, 250 La. 746, 199 So.2d 182.
Defendants' second and third specifications of error are likewise without merit, and the trial court's finding of fault on the part of the storekeeper will be upheld.
Defendants' final specification of error urges that the trial court erred in not holding Mrs. Lang guilty of contributory negligence. Mrs. Lang testified she was proceeding down the aisle where the produce was located, pushing her shopping cart in front of her and looking for the watermelons which she subsequently observed to the rear of the store. There is nothing in the record to indicate the trial court committed manifest error in holding that the evidence failed to establish any contributory negligence on the part of this plaintiff. Louisiana jurisprudence has consistently held that a grocery store patron pushing a shopping cart is under no obligation to make specific observation of the condition of the floor before taking each step, especially in view of the storekeeper's presumed intention and knowledge that the customer will devote the major portion of his or her attention to inspecting the merchandise deliberately displayed to attract the customer. Guy v. Kroger Company, 204 So.2d 790 (La.App.2d Cir. 1967); Dever v. George Theriot's, Inc., 159 So.2d 602 (La.App.3rd Cir. 1964); Bowers v. Lumbermen's Mutual Casualty Company, 131 So.2d 70 (La.App.2d Cir. 1961). The burden of proving contributory negligence is, of course, upon the defendants, and the evidence fails to preponderate in favor of this affirmative defense. We find no merit to this specification of error.
There remains for consideration only the answer to the appeal filed by Mrs. Lang seeking an increase in quantum. Mrs. Lang, in her answer to the appeal, urges that the award to her for damages should be increased from $2,000.00 to $3,000.00. It is clear that in reviewing on appeal the adequacy of an award of damages an appellate court should not disturb the award of damages unless an exmination of the record reveals a clear abuse of the discretion vested in the lower court. As stated by the Supreme Court in Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967):
"We recognize that in cases of this type the Constitution makes it the duty of appellate courts to review both the law and the facts, but in their examination of the fact these courts must give effect to the basic law set out in Article 1934 (3) of our Civil Code that in the assessment of damages in cases of offenses and quasi offenses `much discretion must be left to the judge or jury'. This law is plain and means what it says, and it is the duty of all appellate courts to follow it. Under this rule the amount of damages assessed by the judge or jury *392 should not be disturbed unless the appellate court's examination of the facts reveals a clear abuse of the discretion vested in the lower court." (200 So.2d at 131, 132)
Our examination of the record discloses no such "clear abuse of the discretion vested in the lower court," and we will not disturb the award of damages to this plaintiff.
The judgment of the trial court will be affirmed, all costs of this appeal assessed to the defendants.
Judgment affirmed.